**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-5074**

———————————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

ROBERT DEON HUNTER, SR., a/k/a Bob Hunter,

               Defendant - Appellant.

———————————

**No. 07-5143**

———————————

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

ROBERT DEON HUNTER, JR., a/k/a Robert Dean Hunter, Jr.,

               Defendant – Appellant.

———————————

Appeals from the United States District Court for the Western
District of North Carolina, at Asheville.   Lacy H. Thornburg,
District Judge.  (1:06-cr-00251-LHT-4; 1:06-cr-00251-LHT-3)

———————————

Submitted:  March 11, 2009      Decided:  March 27, 2009

———————————

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

———————————

No. 07-5074 affirmed; No. 07-5143 dismissed by unpublished per curiam opinion.

———————————

Frank A. Abrams, LAW OFFICE OF FRANK ABRAMS, PLLC, Arden, North Carolina; John C. Hunter, JOHN C. HUNTER LAW FIRM, LLC, Asheville, North Carolina, for Appellants.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Robert Deon Hunter, Sr. ("Hunter, Sr.") and his son, Robert Deon Hunter, Jr. ("Hunter, Jr."), appeal their convictions and sentences stemming from a cocaine base distribution conspiracy. Hunter, Sr. was sentenced to 262 months in prison, and Hunter, Jr. was sentenced to 120 months in prison, after they each pled guilty pursuant to plea agreements to one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841, 846 (2006).

Counsel for the Hunters filed a consolidated brief in which Hunter, Jr. asserts that the district court erred in denying him a two-level reduction in his offense level because of his allegedly minor role in the conspiracy. The Government asserts that his appeal should be dismissed based on the appellate waiver contained in his plea agreement. Hunter, Sr. asserts that his sentence should be vacated because his attorney was ineffective for failing to move for a downward departure sentence based on the Guidelines' crack/powder cocaine disparity. The Government claims that Hunter, Sr.'s ineffective assistance of counsel claim is not cognizable on direct appeal. We dismiss in part and affirm in part.

We find that Hunter, Jr.'s appeal challenging the district court's Guidelines range calculation is explicitly

3

barred by his appellate waiver because the record establishes that Hunter, Jr. knowingly and intelligently waived his right to appeal his sentence; the language of the appellate waiver and plea agreement is clear and unmistakable and Hunter, Jr. acknowledged his familiarity with and understanding of the waiver at his Fed. R. Crim. P. 11 hearing. Accordingly, we must enforce the appellate waiver's terms and dismiss Hunter, Jr.'s appeal. See United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005).

We also find that Hunter, Sr.'s ineffective assistance of counsel claim is not cognizable on appeal. Ineffective assistance of counsel claims are not generally cognizable on direct appeal unless ineffective assistance "conclusively appears" on the record. See United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). To establish an ineffective assistance of counsel claim, a defendant must show that his counsel erred and then prove that but for counsel's error, the outcome of his proceedings would have been different. See Strickland v. Washington, 466 U.S. 668, 694 (1984). To satisfy the second prong of Strickland, Hunter, Sr. must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a

4

probability sufficient to undermine confidence in the outcome." Id.

Hunter, Sr. claims that his counsel was ineffective for failing to seek a downward departure sentence based on the Guidelines' crack/powder cocaine disparity. Because the law of this circuit at the time of Hunter, Sr.'s sentencing clearly prohibited a sentencing court from departing downward based on the crack/powder cocaine disparity, see United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that a district court must not "rely on a factor that would result in a sentencing disparity that totally is at odds with the will of Congress," such as reliance on "recommendations to narrow the 100:1 [crack/powder cocaine] ratio"), abrogated by, Kimbrough v. United States, 128 S. Ct. 558, 574 (2007) ("[I]t would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes."),[*] it is unlikely--and certainly not "reasonabl[y] probab[le]"--that the district court would have granted a departure request. Because Hunter, Sr. has not shown a reasonable probability that his sentence would have been

---

[*] Hunter, Sr. was sentenced on October 31, 2007, and Kimbrough issued on December 10, 2007.

5

different had his attorney moved for a downward departure sentence, we find that his ineffective assistance does not conclusively appear on the record. See Strickland, 466 U.S. at 694.

For the foregoing reasons, we dismiss Hunter, Jr.'s appeal (No. 07-5143) and affirm Hunter, Sr.'s conviction and sentence (No. 07-5074). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 07-5074 AFFIRMED
No. 07-5143 DISMISSED